ORIGINAL

| | AUSA: Sara D. Woodward | Telephone: 313-226-9180 |
|---|---|---|
| AO 91 (Rev. 08/09) Criminal Complaint | Special Agent : Jay V. Ratermann, HSI | Telephone: 734-941-5784 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

          Plaintiff,
v.
CHRISTIAN SHULMAN,

          Case:2:14-mj-30240
          Judge: Unassigned,
          Filed: 05-19-2014 At 09:34 AM
          CMP USA V CHRISTIAN SHULMAN (CMC)

Defendant(s).

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of <u>Nov. 2012, Dec. 2012 and Sept. 2013</u>, in the county of <u>Wayne</u> in the <u>Eastern</u> District of <u>Michigan</u>, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1591 | Production of child pornography |
| 18 U.S.C. Section 2252A(a)(2) | Distribution and receipt of child pornography |

This criminal complaint is based on these facts:
See attached affidavit

☐ Continued on the attached sheet.

          *Complainant's signature*

          Jay V. Ratermann, HSI Special Agent
          *Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/19/14

          *Judge's signature*

City and state: Detroit, Michigan

          R. Steven Whalen, U.S. Magistrate Judge
          *Printed name and title*

## AFFIDAVIT

I, Jay V. Ratermann, being first duly sworn, state as follows:

1. I am currently employed as a Special Agent for the United States Department of Homeland Security (DHS), ICE Homeland Security Investigations (HSI) at the Detroit Metropolitan Airport in Romulus, Michigan. I have been employed as a Special Agent since August 9, 2001, when I began my career as a Special Agent with the United States Customs Service, Office of Investigations, in Detroit, Michigan. During the course of my career, I have received extensive training in the methods used by alien smugglers, drug traffickers, money laundering organizations, and child exploitation offenders. I have participated in numerous arrests for various violations of law; as well as numerous seizures of narcotics and other contraband; and seizures of currency, monetary instruments, computer equipment, and business and financial records. I have interviewed multiple subjects who possessed, distributed, manufactured, and received child pornography images. Along with other agents, I am responsible for enforcing federal criminal statues involving the sexual exploitation of children pursuant to Title 18 United States Code, Sections 2251 and 2252A.

2. This affidavit is made in support of a criminal complaint and an arrest warrant for CHRISTIAN SHULMAN for violations of 18 U.S.C. § 2251(a) (production of child pornography), and 18 U.S.C. § 2252A(a)(2) (distribution and receipt of child pornography).

3. This affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant; therefore, this affidavit does not contain every fact that I have learned during the course of the investigation. I have set forth only those facts necessary to establish probable cause to believe that CHRISTIAN SHULMAN has violated 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252A(a)(2).

1

4.   The information contained in this affidavit is based upon my personal knowledge, training and experience, as well as the combined training and experience of other law enforcement officers and agents with whom I have had discussions.

5.   Pursuant to the provisions of 18 U.S.C. § 2256, "child pornography," as used in this affidavit, means any visual depiction, including any photograph, film, video, picture, or computer or computer generated image or picture of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

6.   On January 27, 2014, HSI Special Agents met with Detectives of the Van Buren Township Department of Public Safety (VBT) located within the Eastern District of Michigan. During this meeting, VBT Detectives advised HSI that on November 4, 2013, a female minor (MV-1) was reported missing by her mother. MV-1, a resident of Van Buren Township born in May 1996, was seventeen (17) years of age at the time she disappeared. MV-1's parents reported her missing after she failed to come home from school on November 4, 2013. VBT Detectives provided HSI with images of MV-1. VBT advised that they uncovered evidence that MV-1 was sexually exploited by individuals she met online prior to her disappearance.

7.   After learning of MV-1's disappearance, VBT secured a search warrant for MV-1's known email account on November 5, 2013. In MV-1's email account, VBT detectives found approximately 250 email conversations with an individual online using the email account "aderious67@gmail.com." Affiant personally reviewed the email conversations between MV-1 and "aderious67@gmail.com." Review of MV-1's emails revealed that MV-1 and the user of aderious67@gmail.com developed an online relationship. The emails included references to MV-1 being a minor who was enrolled in high school. On June 5, 2013, aderious67@gmail.com

2

inquired of MV-1 "you have your prom yet?" MV-1 replied that she was only a "junior," and aderious67@gmail.com replied "junior prom?" On June 11, 2013, aderious67@gmail.com asked MV-1 when her last day of school would be.

8. On August 10, 2013, aderious67@gmail.com, in an email to MV-1, identified his phone number as (617) 880-9153. Subsequent to this email, MV-1 received approximately 60 text messages into her e-mail account from (617) 880-9153, in addition to the emails from aderious67@gmail.com described above. Based on Affiant's review of the text messages and e-mails, Affiant concluded that the user of (617) 880-9153 and aderious67@gmail.com are the same individual. Specifically, your affiant observed that on September 5, 2013, aderious67@gmail.com sent an email to MV-1 stating "assuming we're still on, yes?" That same day, MV-1 sent a reply to aderious67@gmail.com stating "Yes." Your affiant further observed that on September 6, 2013, aderious67@gmail.com began sending and receiving text messages to and from MV-1's email account, during which they discussed plans to meet in person, at a motel in the Eastern District of Michigan.

9. In February 2014, your affiant conducted open source database queries of (617) 880-9153, and found the phone to be subscribed to CHRIS SHULMAN at 16915 Napa Street, Apartment 202, Northridge, California, 91343. On February 11, 2014, your affiant viewed SHULMAN's State of Massachusetts Driver's License Image No. S81286938, and noted SHULMAN's driver's license image matches the individual depicted in photographs emailed by the user of aderious@gmail.com to MV-1 (hereinafter "SHULMAN").

10. In September 2013, MV-1 and SHULMAN discussed over email meeting in person near the restaurant where she was employed. On or about September 6, 2013, MV-1 and SHULMAN had an email conversation where they discussed plans to meet, in person, at a motel

3

in the Eastern District of Michigan. On February 11, 2014, Affiant confirmed that on September 6, 2013, CHRISTIAN SHULMAN checked into a Super 8 motel in the Eastern District of Michigan. During the check in process, when the motel requested his phone number, CHRISTIAN SHULMAN provided the hotel with the phone number for (617) 880-9153. HSI agents were able to view the room SHULMAN checked into during his stay.

11. The restaurant where MV-1 was employed was less than one mile from the Super 8 Motel where SHULMAN rented a room on September 6, 2013.

12. On September 15, 2013, SHULMAN emailed a photograph to MV-1's e-mail address. The photograph was taken in a motel room, the furnishing of which appears to match the furnishings viewed by HSI agents on February 11, 2014 in the Super 8 Motel wherein SHULMAN rented a room on September 6, 2013. The image depicted a young white female kneeling on a bed, facing away from the camera. The female is nude except for a white cloth, possibly a dress, bunched around her waist. The photograph focused on the female's nude buttocks. The female's genitalia is clearly visible in the photograph. In the email, SHULMAN refers to the picture as "screencaps" and writes "good ones of you in white." Affiant believes that the aforementioned picture depicts MV-1 and constitutes child pornography. Affiant bases this conclusion on the fact that SHULMAN tells MV-1 that the picture is of her. Affiant believes the statement written by SHULMAN implies that there are additional photographs of MV-1 that were taken by SHULMAN.

13. On July 8, 2013, MV-1 emailed SHULMAN seven images of herself engaged in sex acts. Specifically, the seven images depict MV-1 bound in what appears to be black tape, participating in sexual acts with at least three adult white males, including digital and penile penetration. Affiant has reviewed these images and believes they meet the statutory definition of

child pornography. Included in the same July 8, 2013 email from MV-1 to SHULMAN with the seven images of child pornography, MV-1 also sent one non-pornographic image of herself. Your affiant compared this image of MV-1 to a known image of MV-1 taken prior to her disappearance, and found the images to be of the same person. In a subsequent email on July 8, 2013, SHULMAN asked MV-1 "how old were they?" In reply on July 9, 2013, MV-1 emailed SHULMAN that "they were 28, 38, 24, and 25. Anf no they werent filming but it was a professional quality camera." Based on the images themselves, as well as the statements SHULMAN and MV-1 made regarding the images, your affiant believes the images of child pornography sent by MV-1 to SHULMAN on July 8, 2013 are images of MV-1 and other individuals engaged in sex acts.

14. Based on the emails your Affiant reviewed in MV-1's account, on February 11, 2014, I obtained a federal search warrant for "aderious67@gmail.com." I have personally reviewed the email conversations between MV-1 and the user of aderious67@gmail.com, aka CHRIS SHULMAN, and discovered numerous additional conversations between the two, including conversations indicating that SHULMAN met with MV-1 in November or December 2012, when MV-1 was 16 years old. Specifically, on November 16, 2012, SHULMAN received an email from MV-1 stating "I am still meeting you as planned..." On the same date, SHULMAN emailed a reply to MV-1, "I'll see you next week." On December 18, 2012, SHULMAN emailed MV-1, stating "The videos turned out very well." On January 24, 2013, SHULMAN emailed 14 images to MV-1, of which 10 appear to constitute child pornography depicting MV-1. In the images, MV-1 and SHULMAN are depicted in an unknown hotel room, participating in varying sexual acts including digital and penile penetration, and bondage utilizing what appears to be black straps and handcuffs. Also visible in the images are

5

professional-grade photographic lighting, a video camera, a still camera, and an additional mirror propped against the headboard of the bed. The images are graphic and explicit.

15. In January of 2013 alone, SHULMAN sent over 200 separate emails, nearly all to MV-1. Within these emails were 7 messages containing approximately 34 images of child pornography depicting MV-1, sent to MV-1's email account. SHULMAN also sent an 1 image of child pornography depicting MV-1 to the email account of a currently-unidentified individual. Your affiant noted that among the 34 images of child pornography depicting MV-1 and sent to MV-1's email account were multiple images depicting MV-1 being apparently forcibly restrained through the use of bondage tape and/or straps, as well as handcuffs. Other images depict SHULMAN forcing and/or pinning MV-1 to a bed, using either his hands or body weight.

16. On January 25, 2013, SHULMAN emailed MV-1, stating "You're doing all this from school? Lol, I wish I'd had this much fun in HS." In reviewing the emails, your affiant believes that SHULMAN'S reference to "HS" refers to "high school."

17. Based on the information from SHULMAN'S aderious67@gmail.com account as described above, your affiant believes SHULMAN met MV-1 for sexual purposes between November 16, 2012 and December 18, 2012 while MV-1 was 16 years of age. Your affiant believes that this incident is separate and distinct from the incident in September 2013 in a Super 8 motel room in the Eastern District of Michigan. On both occasions, SHULMAN took photographs and videos depicting MV-1 that constitute child pornography. SHULMAN also distributed those photographs to MV-1, and received from MV-1 other photographs depicting her that constitute child pornography. SHULMAN has distributed at least one image of child pornography depicting MV-1 to another internet user.

18. Based on the foregoing, there is probable cause to believe that SHULMAN has produced, distributed and received child pornography, all in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(2).

Jay Ratermann,
Special Agent, ICE/HSI

Subscribed and Sworn
Before me this 19th day of May 2014

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

7